Cite as 2026 Ark. 69

# SUPREME COURT OF ARKANSAS
**No.** CV-23-749

| | | |
|---|---|---|
| MICHEL HUGHES | | **Opinion Delivered:** April 16, 2026 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-19-979] |
| V. | | |
| BENJAMIN BRIGHT | | HONORABLE LYNN WILLIAMS, JUDGE |
| | APPELLEE | <u>DISSENTING OPINION</u>. |

**SHAWN A. WOMACK, Associate Justice**

Without explanation, the court has dismissed this appeal as improvidently granted. This case presents important issues concerning joint custody that we should address, but because of today's decision, thousands of families across the state have less certainty as to the validity of their joint-custody agreements, many of which may have been working perfectly for years. Also, by granting review, we have forced the parties to spend additional time, money, and energy on this case. Now, that is all for naught.

In asking us to review the court of appeals' decision, Michel Hughes raised two issues. First, the court of appeals erred in green-lighting the circuit court's conclusion that parents living within fifteen minutes of each other constituted a material change in circumstances that warranted a change to their custody agreement. Second, the court of appeals misapplied the doctrine of inconsistent positions by holding that, because Hughes argued there was a material change in circumstances, she could not appeal the circuit court's

finding of a material change in circumstances, even though the finding was based on factual allegations that she disputed.

On the first issue, a fifteen-minute move cannot qualify as a material change in circumstances.[1] Such a claim not only undermines the preference for joint custody, but it is also completely unworkable. How should a circuit court decide if parties live fifteen minutes away from each other? Should it consider traffic, weather, or the driving habits of a particular individual? What if there is construction for a year that closes the shortest route and forces the parents to take a different, longer route? Or should the time between the parents' homes be determined by how the crow flies? If so, how fast does the crow fly? And do we account for headwind or tailwind? We should have kept this case to clarify that a fifteen-minute move is not enough to qualify as a material change in circumstances.

The same goes for the court of appeals' inconsistent-positions analysis. The court of appeals held that because Hughes argued there was a material change in circumstances below, she could not appeal the circuit court's finding of a material change in circumstances in favor of Benjamin Bright. The court of appeals came to this conclusion even though the circuit court's order was based on factual allegations that Hughes disputed. In other words, the court of appeals applied the doctrine of inconsistent positions to bar Hughes from arguing that the facts the circuit court relied on were insufficient to find that there had been

---

[1] *See Schnick v. Russell*, 2022 Ark. App. 212, at 10, 645 S.W.3d 345, 351 (holding that there was a material change in circumstances when one parent moved nine-and-a-half hours away to Omaha, Nebraska); *see also Case v. Van Pelt*, 2019 Ark. App. 382, at 7, 587 S.W.3d 567, 571 (affirming the circuit court's decision to dismiss a petition to modify custody when one of the reasons cited was a twenty-five- to thirty-minute move).

a material change in circumstance. The court of appeals has a fundamental misunderstanding of the difference between factual allegations and legal conclusions.

Hughes is bound to her allegations but not the legal conclusion drawn by the circuit court. On appeal, she should be able to challenge the circuit court's legal conclusion—and she can do so by challenging the circuit court's factual basis for that conclusion. Misunderstanding the difference between allegations and legal conclusions can have a broad impact on our legal system—think a motion to dismiss, treating allegations, not legal conclusions, as true—and should be addressed by this court. We owe litigants clarity on this issue that, in light of today's decision, they currently do not have.

Finally, this all ties into a broader problem that has plagued circuit courts and the court of appeals for years: an unwillingness to effectuate the statutory preference for joint custody. The General Assembly has made clear that "an award of joint custody is favored in Arkansas[,]" and there is a rebuttable "presumption that joint custody is in the best interest of the child[.]"[2] Despite this, the court of appeals has maintained a "low threshold for modification" that "disregards the express legislative policy favoring joint custody, the appellate standard of review for custody decisions, and the 'child's best interest' analysis."[3] Holding that a fifteen-minute move qualifies as a material change in circumstances to warrant a change in joint custody drags the court of appeals' low threshold even lower and effectively neuters the statutory preference for joint custody. After all, if something as small

[2]Ark. Code Ann. § 9-13-101(a)(1)(A)(iii), (a)(1)(A)(iv)(b).

[3]*Pace v. Pace*, 2020 Ark. 108, at 11, 595 S.W.3d 347, 353 (Womack, J., concurring).

as this can qualify as a material change in circumstances, it is hard to imagine what, if anything, would not.

Moreover, the fact that parents are uncooperative cannot, alone, warrant a finding of material change in circumstances. Instead, the parent seeking a change in custody must establish that the other parent is "willfully creating conflict in an attempt to disrupt a current or pending joint-custody arrangement[,]" and the circuit court must find that it is "unable to enter an order that will reduce areas of conflict caused by the disruptive parent[.]"[4] Here, the circuit court made no such findings, and Bright failed to show that Hughes had willfully created conflict to disrupt their joint-custody agreement.[5] In most of these cases, circuit courts will need to deal with uncooperative parties. After all, "[p]eople typically do not divorce or engage in custody battles because they are skilled at cooperation and communication."[6] Circuit courts and the court of appeals must recognize, however, that lack of cooperation cannot be "the sole and dispositive factor in reversing joint custody."[7]

For these reasons, I respectfully dissent from the court's decision to dismiss this appeal as improvidently granted.

WEBB and BRONNI, JJ., join.

---

[4]Ark. Code Ann. § 9-13-101(b)(1)(A)(iii).

[5]*Id.*

[6]*Pace*, 2020 Ark. 108, at 12–13, 595 S.W.3d at 354 (Womack, J., concurring).

[7]*Id.* at 13, 595 S.W.3d at 354 (Womack, J., concurring).

4